LUNDY CORNISH v. REBECCA CORNISH.

(Case No. 1371.)

1. DIVORCE — EVIDENCE.—The provision of the Revised Statutes (art. 2247) that the husband or wife of a party to a suit . . . shall not be incompetent to testify except as to confidential communications between them, does not give parties to divorce suits the right to testify in their own behalf. To so change the common law, the language of the statute should be clear and explicit.
2. FORMER STATUTE.— For construction of a former statute, see 41 Tex., 111.

APPEAL from Freestone. Tried below before the Hon. L. D. Bradley.

No briefs are with the record.

BONNER, ASSOCIATE JUSTICE.— This is a suit for a divorce, in which, on the trial below, the court excluded the evidence of the plaintiff in his own behalf, and rendered judgment against him; and the only question for our decision is, whether in this the court erred.

Under our former statute (Pasch. Dig., art. 6826), to the effect that there should be no exclusion of any witness because a party to a suit or interested in the issue to be

tried, it was decided that this did not give parties to a divorce suit the right to testify in their own behalf. Stafford *v.* Stafford, 41 Tex., 111.

Our present statute, in force when this suit was tried, provides that "The husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein, except as to confidential communications between such husband and wife." R. S., art. 2247. We are of opinion that this statute does not give parties to divorce suits the right to testify in their own behalf.

To permit such an innovation upon sound public policy and the salutary principles of the common law, the statute must be clear and explicit.

AFFIRMED.