### CARLOS CECCATO v. SELIG DEUTSCHMAN.

Decided October 12, 1898.

**Divorce—Attorney Fees—Husband's Liabilities.**

The husband is liable for reasonable attorney's fees incurred by his wife in the prosecution of a bona fide suit for divorce based upon reasonable grounds, where the suit was dismissed by agreement of the parties, without the knowledge or consent of the wife's attorney.

APPEAL from Bexar. Tried below before Hon. ROBERT B. GREEN.

*Bryan Callaghan* and *Chas. L. McGill,* for appellant.

*Nat B. Jones,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover of appellant the sum of $500, alleged to be due appellee for services rendered the wife of appellant, as her attorney in divorce proceedings instituted by her against her husband. Appellee obtained a verdict and judgment for $150.

Appellee is an attorney at law, and at the instance and request of the wife of appellant instituted a suit for divorce and alimony against appellant. The suit was instituted in good faith by the wife on justifiable grounds. An order granting alimony was obtained, but before the matter of divorce was tried the husband and wife became reconciled, and on his promise of future good treatment she returned to his house. Without knowledge or consent of appellee the divorce suit was dismissed by appellant and his wife. The wife had no separate property, but the community property was valued at $6000. There was ample proof to show that the services were worth the amount found by the jury.

The only question presented by the record is as to the liability of the husband for reasonable attorney's fees incurred by the wife in the prosecution of a bona fide suit for divorce, based upon reasonable grounds.

In England it is uniformly held that the husband is liable for attorney's fees, if the suit is conducted in good faith and on probable cause, and in a recent English case it is said: "Where there is reasonable apprehension of violence a divorce may be the most effectual protection, and it may be necessary within the rule which authorizes a wife who has left her husband from apprehension of cruelty, to pledge his credit for what is necessary to her." And in another English case it was said: "She has a right to appeal to the law for protection, and she must have the means of appealing effectually. She might therefore charge her husband with the expense of the proceeding, as much as for the necessary food and raiment." Nelson on Div. and Sep., sec. 876, and references.

The author of the above work, in the cited article, commenting on the English doctrine, says: "It may be considered well established law that legal services rendered the wife are within the definition of necessaries,

and it is difficult to assign any good reason why such services, when rendered in a suit for divorce, are not necessaries."

It is true that in a majority of the American authorities it is held that the husband is not liable for attorney's fees incurred by the wife in connection with divorce proceedings, and strange to say the ground usually given for so holding is that by the common law the contract of marriage was indissoluble, and therefore the husband could not be held liable for any expense incurred in an attempt to dissolve it, while the courts of England, from which the common law is derived, uniformly hold exactly the reverse. Some of the American courts, however, adopt the English doctrine. Conant v. Burnham, 133 Mass., 505. In this State there has been but one decision directly on the point involved, and that follows the cases which hold the husband liable for the attorney's fees under the circumstances of the case now before the court. McClelland v. McClelland (Texas Civil Appeals), 37 S. W. Rep., 350.

We believe the question is properly decided in the opinion in that case. Under the statute of Texas the wife is authorized to institute suits for divorce, and the right would be shorn of all efficacy if she was denied the means of getting into the court, as would be the effect in most instances if the husband could not be held liable for the expenses of the suit. There is no provision made in the statute giving alimony for attorney's fees, and the proposition that they are ancillary to the divorce proceeding and must be obtained in that proceeding and no other can not arise in this State. It is on that ground that suits like the present have been in some States held untenable, notably in Nebraska. Yeiser v. Lowe, 69 N. W. Rep., 847.

It is, however, intimated in the case last cited that if it should be shown that the divorce proceedings had been dismissed without the knowledge of the attorney, and through the collusion of the husband and wife, that a different decision would be made.

We see no error in the judgment, and it is therefore affirmed.

*Affirmed.*