Rex Bord v. James B. & Charles J. Stubbs.

Decided December 22, 1899.

### 1.   Husband's Liability for Attorney Fees of Wife in Divorce Suit.

Under article 2970 of the Revised Statutes, providing that a wife may contract debts for necessaries, an attorney may maintain an independent action against the husband for legal services rendered the wife in divorce proceedings against him.    Following Cecato v. Deutschman, 19 Texas Civil Appeals, 434.

### 2.   Same—Probable Cause.

In order to sustain such an action the evidence must show probable grounds for a divorce, or that there was reasonable cause to believe that such grounds existed, but not that the services were actually necessary to the legal protection of the wife.

### 3.   Same—Evidence.

In such an action, a complaint filed against the husband for an aggravated assault and battery upon the wife and his appearance bond are not competent evidence, and the petition filed in the divorce suit, while admissible to prove that the suit was filed, and the alleged grounds of divorce, was not evidence of the truth of the matters therein charged.

### 4.   Practice—Argument of Counsel.

Abuse of defendant by counsel for plaintiff in his argument to the jury condemned.

APPEAL from the County Court of Galveston. Tried below before Hon. MORGAN M. MANN.

*Harris & Harris,* for appellant.

*Royal T. Wheeler,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellees brought this suit in a justice court in Galveston County to recover of appellant upon the following account: "To legal services rendered in divorce proceedings, suit for partition, custody of children, advice, etc., in the matters in controversy between Rex Bord and Laura Bord, his wife, of the reasonable value, as agreed on, of $200." On trial in the Justice Court judgment was rendered in favor of defendant. On appeal to the County Court the case was tried by a jury, resulting in a verdict and judgment for the appellees for the full amount of their account.

The first question raised on appeal is the right of an attorney at law to maintain an independent action against the husband for legal services rendered the wife in divorce proceedings against him. There is no special provision made in our divorce statutes for the payment of such fee by the husband, but we think that it might be recovered in an action, as for necessaries furnished the wife, under Revised Statutes, article 2970. This has been so decided by the Court of Civil Appeals for the Fourth District in the case of Ceccato v. Deutschmann, 19 Texas Civil Appeals, 434, a case directly in point. The principle is also announced in the case of McClellan v. McClellan, 37 Southwestern Reporter, 359, by the Court of Civil Appeals at Austin in a suit for divorce where an allowance was made. While the authorities throughout this country are conflicting, we are of the opinion that the decisions above cited are right in principle and should be sustained, and that counsel for the wife in a divorce proceeding should be allowed to recover in an independent action against the husband a reasonable fee for services in a divorce suit when the grounds of the divorce were probably true and there was reasonable cause for bringing the suit, and the suit was brought in good faith. 2 Bish., Mar. and Div., secs. 388, et seq. The action in this case was for an agreed fee for services in divorce proceedings, but plaintiffs could only recover a reasonable fee. It was error to admit evidence to show service rendered in the prosecution of a suit for aggravated assault upon the wife, and it seems that such an action can not be maintained. 2 Bish., Mar. and Div., sec. 391.

The judgment of the court below, however, must be reversed for the admission of incompetent and irrelevant testimony. In order to sustain the action the evidence should be confined to proof of the probable grounds for divorce, and reasonable cause to believe that they existed. Hearsay evidence is not admissible for that purpose. The depositions of Mrs. Atchison and Mrs. Schaeffer are full of hearsay and much irrelevant matter. The defendant moved to strike these depositions out, because it was

impossible to separate the illegal evidence from that which was admissible. We think that this motion should have been sustained, and the plaintiff required to retake the deposition or produce the witnesses before the court.

We shall not undertake to point out what was admissible and what was not. The general rules of evidence apply, and the parties must confine themselves to the production of such testimony as is competent to prove the facts which show probable cause for a divorce. The declarations of Mrs. Bord made to the witnesses were not only self-serving but hearsay. If it can be shown by the testimony of anyone who knows, that facts were communicated to Mrs. Bord, by credible persons who professed to know, that would furnish sufficient grounds for divorce, stating the facts, such testimony should be received to show probable cause and good faith on the part of Mrs. Bord; and the attorneys themselves might testify, to show good faith on their part, that their client communicated evidence of facts that would furnish grounds for divorce, but they would not be permitted to detail to the jury as evidence hearsay reports. The evidence seems to have taken a very wide range, and was not confined to even hearsay as to grounds for divorce, but to irrelevant conduct of the parties both before and after the proceedings were instituted. From what has been said it will be seen that much of the testimony of the appellees themselves was inadmissible.

We shall not undertake to pass upon the assignments of error in detail. The special instructions numbers 2 and 3 requested by the appellant were properly refused. It would have been error for the court to charge the jury that in order to entitle the appellees to recover they should show that the services rendered were actually necessary to the legal protection of the wife in her rights given her by law. That there was probable cause for divorce would have been sufficient. A distinction must be observed between "necessaries" in the legal significance and what is in common parlance "actually necessary."

Nor was it error on the part of the court to refuse the special charges numbers 5 and 6 requested by the defendant with regard to the right to the possession and custody of the children. While the husband as well as the wife was entitled to the custody of the children, we do not think that such instruction was called for under the facts of the case. The complaint against Rex Bord for aggravated assault and battery and his appearance bond were improperly admitted in evidence. They were irrelevant to the issue to be tried. The petition for divorce was admissible for the purpose of proving that the suit had been filed, and the alleged grounds of divorce, and should have been so limited. Counsel could also testify that the proceeding was instituted by them, and state the grounds and their reasons for believing that they were true, and the fact that they obtained the order for the custody of the children, but the petition would not be evidence of the facts alleged therein as ground for divorce, nor of the propriety of bringing the suit.

The appellant has assigned as error, for which the judgment of the

court below should be reversed, the action of the court in permitting counsel for the appellees to make use of certain language in his address to the jury as set out in the bill of exceptions. There was no excuse for such language, and in view of the fact that there was very little evidence to support the alleged grounds for divorce, we can not but think that the jury must have been influenced by the use thereof. It was highly improper for counsel to indulge in such personal abuse of the defendant, and it should not have been permitted by the court. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*