## FASKEN v. FASKEN.   (No. 1370.)

(Court of Civil Appeals of Texas.   El Paso.
Nov. 9, 1922.   Rehearing Denied
April 24, 1924.)

1. Divorce ⚫⟜133(3)—Evidence held sufficient to sustain finding of abandonment without husband's consent or fault.

Evidence *held* sufficient to support a finding that defendant wife voluntarily abandoned plaintiff husband for the statutory period without his consent or fault.

2. Witnesses ⚫⟜60(2)—Letters passing between husband and wife admissible in divorce proceedings.

Under Rev. St. 1911, art. 4633, providing that "the husband and wife shall be competent witnesses for and against each other" in divorce proceedings, and in view of article 3689, letters passing between husband and wife are admissible in evidence to establish voluntary abandonment as against the objection that such letters were confidential communications as to which article 4633 did not apply.

3. Divorce ⚫⟜298(1) — Award of custody of child to husband held proper where wife incapacitated by illness.

Awarding custody of a six year old child to the husband subject to the wife's custody for three months during each year, but without right to remove the child from the county in which the husband resided, *held* not improper, where the mother was subject to recurrence of a serious form of illness.

4. Divorce ⚫⟜197—Attorney fees incurred by wife in unsuccessfully defending divorce action held recoverable from husband; "necessaries."

A wife has the right to defend and preserve her marital rights, and to that end may employ counsel in divorce proceedings, where defending in good faith, and, whether she be successful or not, the attorney fees incurred by her are "necessaries" for which the husband is liable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessaries.]

5. Divorce ⚫⟜197—Attorney fees recoverable by wife in her own name.

Attorney fees incurred by a wife in divorce proceedings may be recovered by her in her own name, and such recovery need not be in name of the attorneys rendering the services.

Appeal from District Court, Martin County; Chas. Gibbs, Judge.

Suit by Robert Fasken against May Fasken. From a judgment for plaintiff, defendant appeals, and plaintiff cross-assigns error.   Affirmed.

Certified questions answered 260 S. W. 701.

S. J. Isaacks and Jones, Jones, Hardie & Grambling, all of El Paso, for appellant.

Whitaker & Peticolas, of El Paso, and B. Frank Haag and B. W. Baker, both of Midland, for appellee.

HIGGINS, J.   The appellee, Robert Fasken, brought this suit in Midland county on December 30, 1920, against his wife, the appellant, May Fasken, for divorce upon the statutory ground of abandonment and for the custody of their son, aged 6½ years at the date of trial.

The case was submitted to a jury upon special issues.   The defenses tendered by the wife are indicated by the issues submitted by the court as follows:

"(1) Was plaintiff, in good faith, a resident of Midland county, Tex., for one year prior to the institution of this suit?

"(2) Did defendant voluntarily absent herself from the bed and board of plaintiff for the space of three years with the intention of abandonment?

"(2A) If you have answered question No. 2 in the affirmative, but not otherwise, then answer the following, No. 2A:   Did the plaintiff either cause, procure, or consent to such separation?

"(3) Which do you consider is to the best interest of the child in question, to be reared under the care and custody of his mother or of his father?"

Issues 1 and 2 were answered in the affirmative, 2A in the negative, and 3 was answered in favor of the father.

Thereupon the court entered its decree of divorce and awarded the custody of the child to the father except for three months in each year, during which time its care and custody was awarded to the mother, but she was enjoined from removing him from Midland county.

[1] The wife appeals and asserts that the evidence is insufficient to show that she voluntarily left the bed and board of her husband for the statutory period of three years and that the undisputed evidence also discloses that the plaintiff caused or contributed to cause and acquiesced in her absence, for which reason the divorce should be denied.

The parties were married on April 28, 1913, in Boston, Mass.   On or about May 28, 1916, Mrs. Fasken left her husband and went to the home of her parents, several hundred miles distant, where she has since remained, except for a few months which she spent in Midland subsequent to the filing of this suit. Since the separation she has remained separate and apart from her husband.   The child was left with the husband when Mrs. Fasken went to the home of her parents.   In connection with her departure without the child, and in justice to Mrs. Fasken, it should be said that for several months prior to her departure she had been seriously ill, had not been restored to good health at the time of her departure, and did not feel able to take the child with her.   At the time of the separation the parties lived in Toronto, Canada. Shortly subsequent to the date of the letters

hereinafter mentioned Mr. Fasken left Toronto with his mother and child, going first to California, where he remained a short time. He then came to Midland county where he has since remained with the child. During this time plaintiff and the child have lived with plaintiff's parents. The letters mentioned and offered in evidence by the plaintiff are:

First a letter from plaintiff to defendant reading:

"Toronto, Oct. 19, '16.

"Dear May: Baby received his bibs this morning, and was very interested in the picture of a horse on one of them.

"Some weeks ago I wrote you, but have not received any reply, and so am anxious to hear from you as to how you are.

"I would like you to come home as soon as possible, and certainly not later than the 1st of November, which I understand was the latest date set by the doctor you consulted for your being able to come home.

"To-morrow I go to the Western Hospital to have an operation on my nose, and will at the same time have my tonsils removed.

"The Red Cross are doing very well indeed in their three days' campaign here, and will certainly get the $250,000, they aim at as Toronto's contribution.

"Baby is fine and runs around like a little man.

"Father is considerably better.

"Write and let me know what day you will be down and how you are.

"Your loving husband,      Rob."

Second, the reply of Mrs. Fasken thereto, which reads:

"Haileybury.

"Dear Rob: I received your letter Saturday. I was sorry to hear that you had to undergo another operation for your nose and throat. No doubt by the time you receive this letter you will have quite recovered.

"If you practice your religion openly, also your Father knowing that you are doing so, I shall consider returning to you; otherwise I never shall.

"I am glad the baby liked his bibs; I worked them for him; also made a doll which I posted yesterday.

"I am very well.          May.

"Tuesday, October the twenty-third."

The facts detailed above are established by undisputed testimony.

We have carefully scrutinized the evidence adduced upon the trial, and find that it amply supports the verdict and judgment. The various phases of the testimony to which counsel for appellant refer are evidentiary merely. This was weighed by the jury, and the issues of fact resolved against appellant. It would serve no useful purpose to discuss the evidence. The contention of the appellant respecting the sufficiency of the evidence is overruled.

[2] Error is also assigned to the admission in evidence of the letters quoted above. These letters were very material upon the vital issue of voluntary abandonment for the period of three years and whether the husband consented to and acquiesced in the separation. If erroneously admitted, it would necessitate reversal.

Appellant's position is that these letters were confidential and privileged communications between a husband and wife, and therefore inadmissible under the common law; that the inadmissibility of such evidence is not affected by the act of 1897 whereby article 4633, R. S., was amended so as to make the husband and wife competent witnesses for and against each other in divorce proceedings. This position seems to be sustained by the courts of Missouri under statutes somewhat similar to ours. The amendment by its terms simply undertakes to make the husband and wife competent witnesses, and there is undoubtedly a distinction between the competency of a witness and a rule governing the admissibility of evidence. Prior to the adoption of the amendment, it had been held (Stafford v. Stafford, 41 Tex. 111; Cornish v. Cornish, 56 Tex. 564) that the husband and wife were incompetent generally to testify in such cases, and the result was to make it impossible in many cases to produce evidence of grounds of divorce though the facts abundantly justified it. The rule most frequently operated to the prejudice of the wife in those cases of cruelty upon the part of the husband unaccompanied by physical violence. It was that situation which the Legislature undoubtedly intended to remedy when the amendment was adopted. To give it the construction contended for by appellant would in large measure defeat its purpose. A defendant in a divorce proceeding might be guilty of refined cruelty in its most offensive form and yet proof thereof be impossible because the injured party only could testify to the facts and that be excluded upon the ground that it was privileged.

Furthermore, the privileged character of communications between husband and wife, in statutory enactments and by the text-writers, is often treated as an incompetency of the witness to testify, rather than a rule governing its admissibility; in other words, the two terms are generally used interchangeably. See Jones on Evidence, § 712; 40 Cyc. 2210; and 1 Greenleaf on Evidence, art. 327 et seq., discussing the competency of witnesses. See, also, article 3689, R. S., relating to the general laws of evidence, in passing which the rule relating to the inadmissibility of confidential communications between husband and wife was evidently deemed by the Legislature as an incompetency of the witness.

Again, the rule prohibiting either party from testifying in a divorce proceeding was based upon the fourth section of the Act of January 6, 1841 (Paschal's Dig. art. 3452). That section provided:

That "in all suits and proceedings for divorce from the bonds of matrimony, the defendant

shall not be compelled to answer upon oath, nor the petition be taken 'for confessed' for want of an answer, but the decree of the court shall be rendered upon full and satisfactory evidence independent of the confession or admission of either party."

This was construed in the Stafford Case, supra, and it was held that the phrase "independent of the confession or admission of either party" prohibited the parties from testifying. In the amendment of 1897 these words were completely omitted and the basis of the original ruling removed. In addition to removing the original basis of the ruling the amendment went further and in express terms provided that "in all such suits and proceedings the husband and wife shall be competent witnesses for and against each other."

Having in view, therefore, the evil, real or supposed, intended to be corrected, and considering the changes indicated in the statute upon which the ruling in the Stafford Case was based, we are of the opinion that the amendment permits the husband and wife in divorce proceedings to testify fully as to all matters relevant to the issues presented.

While the question here presented has never been directly passed upon by our courts, yet the effect of the amendment has generally been regarded as indicated. See Lohmuller v. Lohmuller (Tex. Civ. App.) 135 S. W. 751; Barrow v. Barrow (Tex. Civ. App.) 97 S. W. 120; McCrary v. McCrary (Tex. Civ. App.) 230 S. W. 187; Knight v. Knight (Tex. Civ. App.) 220 S. W. 609.

[3] The appellant also complains of the court's decree with respect to the custody of the child, and asks that it be awarded to her subject to the right of the father to visit and see it at proper intervals. The court's order in this respect is, in our opinion, entirely correct. The unfortunate illness from which the mother has once suffered and which the testimony shows may recur at any time renders it inadvisable that the child's custody be permanently awarded to her.

This disposes of appellant's assignments.

[4] Appellee cross-assigns error to the action of the court in awarding the appellant $1,500 as attorney's fees upon the ground that same could not be properly charged as costs or alimony in the suit, and, if recoverable at all, can be recovered only by the attorneys in whose favor same were incurred, and not by the defendant.

It was agreed that the sum allowed was a reasonable fee.

It is definitely settled in this state that in a bona fide suit for divorce brought by the wife based upon justifiable grounds her attorney's fees are necessaries for which the husband is liable. In the instant case the wife is resisting the divorce, and there is no pretense that she is not defending in good faith. Upon the contrary, there is every indication that she did. It is true she was unsuccessful, but this is unimportant in so far as concerns the husband's liability for her counsel fees, for she had the right to defend and insist upon the preservation of her marital rights, and it was absolutely essential that she employ counsel to represent her. The husband is liable for the fees as for necessaries. McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 358; Ceccato v. Deutschman, 19 Tex. Civ. App. 434, 47 S. W. 739; Bord v. Stubbs, 22 Tex. Civ. App. 242, 54 S. W. 633.

[5] As to the insistence that the counsel fees could be recovered only by the attorneys in whose favor they were incurred, and not by the plaintiff, it was said in Varn v. Varn, 58 Tex. Civ. App. 598, 125 S. W. 640:

"The pleadings of appellee were sufficient to form a basis for the judgment for attorney's fees, and it has been held in this state that the husband is liable for attorney's fees incurred by the wife in prosecuting a suit for a divorce, whether prayed for by the wife in the suit for divorce, or sued for by the attorney of the wife in a separate action. McClelland v. McClelland, (Tex. Civ. App.) 37 S. W. 350; Ceccato v. Deutschman, 19 Tex. Civ. App. 434, 47 S. W. 739."

And in 1 R. C. L. 910, the rule is stated:

"The rules governing the allowance of temporary alimony are practically applicable also to other temporary allowances, whether for the wife's solicitor's fees or other incidental expenses which are necessarily attendant on the prosecution of such suits and are often collectively embraced under the term 'such money.' As in the case of alimony pendente lite, suit allowances have their origin in the fact that they are absolutely essential to the proper assertion of the marital rights of the wife, which she might otherwise be entitled to, but without the means of enforcing and securing a remedy for their violation. For this reason, in suits for divorce or separate maintenance, it is usual to award the wife not only the costs of the action, but also an additional sum of money sufficient to prosecute or defend the suit, in an efficient manner, to a final hearing. Even though no liability for permanent alimony attaches, an allowance for costs and the compensation of the wife's attorneys in prosecuting the suit may nevertheless be awarded."

The rule thus stated in Ruling Case Law, in our opinion, is supported by both justice and reason. The cross-assignment is overruled.

The judgment of the court below is in all respects affirmed.

On Rehearing.

Upon consideration of the motion for rehearing filed by appellant it was deemed advisable to certify to the Supreme Court the correctness of our ruling that the letters between the parties quoted in the main opinion were admissible in evidence. The Supreme Court has answered the question and held the same admissible, 260 S. W. 701.

This was the only question which we deemed doubtful and upon the other issues there is no occasion to add to what has been said in the main opinion.

The motion is overruled.