## ASHWORTH v. EDWARDS.   (No. 2048.)

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1927.

Rehearing Denied Dec. 8, 1927.

**1. Divorce** ⊂⟝**197—Wife's attorney's fees in divorce suit are recoverable from husband only where wife has reasonable grounds and acts in good faith.**

Fees for services rendered wife by attorney in divorce suit are recoverable from husband only where wife has reasonable grounds for instituting suit or defense, and suit is instituted or defended by her in good faith.

**2. Divorce** ⊂⟝**198—Attorney's testimony as to matters related by wife seeking divorce held properly limited to his good faith on motion to recover fees from husband.**

On dismissal of wife's suit for divorce and on her attorney's motion to recover attorney's fees from husband, testimony of attorney as to matters related to him by wife was properly limited to question of his good faith, and could not be considered for purpose of showing good faith or reasonable grounds on part of wife.

**3. Divorce** ⊂⟝**197—Sworn petition of wife in divorce suit held insufficient to show probable cause, making husband liable for attorney's fees.**

On dismissal of wife's suit against husband for divorce and motion of wife's attorney to recover attorney's fees, sworn petition of wife was not binding on husband, and was, of itself, insufficient to show probable cause or good faith of wife in bringing suit, especially where, after being called as witness, she was not examined as to her grounds for divorce.

Walthall, J., dissenting in part.

Error from District Court, Dallas County; Claude M. McCallum, Judge.

Action by Mrs. Gertie Ashworth against B. W. Ashworth for divorce. On plaintiff's motion to dismiss, George Clifton Edwards, plaintiff's attorney, filed a motion for an allowance of attorney's fees. Judgment dismissing the suit and allowing plaintiff judgment for attorney's fees against defendant, and defendant brings error. Judgment affirmed as to the dismissal of the suit, and reversed and remanded as to the allowance of plaintiff's attorney's fees.

Lee R. Stroud and E. J. Elam, both of Dallas, for plaintiff in error.

Muse & Muse, of Dallas, for defendant in error.

PELPHREY, J. This is an action for divorce instituted by Mrs. Gertie Ashworth against her husband, B. W. Ashworth. Defendant in error was employed by her to bring the suit.

In her petition she alleged cruel treatment and conduct on the part of her husband of such a nature as to render their further living together insupportable. She prayed for a divorce, an injunction, alimony pendente lite, a division of the community property, and attorney fees.

Defendant answered by a general demurrer, a general denial. After an injunction had been granted, alimony allowed, and a commission to take oral depositions had been taken out she, of her own motion, filed a motion to dismiss the suit at her costs.

Whereupon her attorney filed a motion for an allowance of attorney's fees to him for his services in the case.

Upon a hearing the court entered judgment dismissing the suit, but made an allowance of $500 for attorney's fees, and gave plaintiff a judgment for $450 against defendant, crediting on the allowance $50 already paid to the defendant in error by Mrs. Ashworth. The court also ordered that the said amount be paid to the clerk of the court, and by him paid to appellee. From this judgment Ashworth has appealed.

### Opinion.

[1] It is well settled in this state that fees for services rendered the wife by an attorney in a divorce suit are recoverable from the husband in a case where she has reasonable grounds for instituting the suit or for her defense and the suit is either instituted or defended in good faith by her. McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 350; Bord v. Stubbs, 22 Tex. Civ. App. 242, 54 S. W. 634; Woeltz v. Woeltz (Tex. Civ. App.) 57 S. W. 905; Varn v. Varn, 58 Tex. Civ. App. 595, 125 S. W. 639; McLean v. Randell (Tex. Civ. App.) 135 S. W. 1116; Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079; Fasken v. Fasken (Tex. Civ. App.) 260 S. W. 698.

The courts seem to adhere to the theory that such fees are recoverable on the ground that they are "necessaries," and it has been held that, if the wife's grounds for divorce are not sufficient, or if the suit is not brought in good faith by her, then the husband would not be liable. Hill v. Hill (Tex. Civ. App.) 125 S. W. 91.

In the case of Yeager v. Bradley, supra, the court, in discussing the question, said:

"If the wife has no sufficient grounds for a divorce, and especially if she has no good reasons to believe she has such grounds, it cannot be said that an attorney to file a divorce suit for her is a necessity."

Appellant in his first assignment of error attacks the sufficiency of the evidence to sustain the judgment rendered, and, after an examination of the statement of facts, we are of the opinion that the assignment is well taken.

[2] Appellee was a witness in the case, and testified to matters that had been related to him by Mrs. Ashworth, but his testimony

was, we think, properly limited to the question of his good faith, and could not be considered for the purpose of showing reasonable grounds for divorce or good faith on the part of Mrs. Ashworth.

[3] While it is true that the sworn petition of Mrs. Ashworth was before the court, it, being an ex parte statement by her, would not be binding upon the husband, and would be insufficient in itself alone to show either probable cause or good faith on her part, and especially do we think this would be true where she was called as a witness in the case, and was not examined as to her grounds for divorce.

She alleged that her husband had been guilty of such cruelty as to render their further living together insupportable, yet she, without the aid of her attorney, personally asked that the suit be dismissed.

It is the opinion of the majority that the evidence is insufficient to show that the services rendered in the case were necessary to the protection of any right given the wife by law, and therefore the husband would not be liable therefor.

We deem it unnecessary to discuss the other questions raised in appellant's brief, as they will probably not arise in another trial. Justice Walthall is of the opinion "that the evidence admitted should have been admitted and considered by the trial court, and that the evidence is sufficient to support the findings of fact stated in the judgment, and that the case should in all things be affirmed."

The judgment of the court in dismissing plaintiff's suit is affirmed, and the judgment is reversed, and the cause remanded as to the issues presented by the motion of appellee for attorney's fees.