## McCLANAHAN v. McCLANAHAN.
### No. 2691.

Court of Civil Appeals of Texas. Waco.
Oct. 24, 1946.

Rehearing Denied Nov. 27, 1946.

White & Yarborough, of Dallas, for appellant.

Gormley, Bohannon, Ragsdale & Prescott, of Dallas, for appellee.

LESTER, Chief Justice.

This suit was instituted in Dallas County for divorce, partition of community property and for attorney's fees, by appellant, Katie McClanahan, against Preston McClanahan. Appellee filed his plea in abatement, alleging that the trial court did not have jurisdiction of the matter in controversy in that plaintiff and defendant had lived together as man and wife for many years at Vernon in Wilbarger County, Texas; that on or about January 21, 1946, they moved from Wilbarger County to Hutchinson County, Texas, where they resided as man and wife and cohabited together, and that the jurisdiction over the parties is in Hutchinson County, Texas; that plaintiff was not at the time of the institution of the suit a bona fide resident of Dallas County, Texas, for the required statutory period of six months next preceding the said dates, and therefore had not the right to maintain this suit in Dallas County.

The plea in abatement came on to be heard on the 25th day of February, and after the conclusion of the evidence and argument the court rendered its judgment sustaining the plea in abatement and dismissed appellant's entire cause of action, and further provided in its judgment that all other relief prayed for by both parties to this hearing be denied.

Appellant's first contention is that the court erred in finding and holding that the plaintiff had not continuously resided in Dallas County, Texas, for six months next before the suit was filed. The evidence shows that appellant left the appellee in June, 1945, at which time they were residing in Vernon, Wilbarger County, Texas, and went to Dallas County, and there resided almost all of the time until she filed this suit on February 11, 1946. There is evidence to the effect that appellant left Dallas on January 26, 1946, and went to Vernon, and on or about the 28th of January she and her husband went to Borger in Hutchinson County, where they purchased a home with the understanding that appellant would live there with the appellee and family; that she did stay there until February 3rd, at which time she went back to Dallas and filed this suit for divorce. Appellant testified that her residence was and had been in Dallas County since June, 1945, and denied that she had ever had any intention of living in Hutchinson County, or any other county than Dallas; that she went there through fear of her husband and not with the intention of effecting a reconciliation with appellee and living with him.

It would serve no useful purpose to set out at length all of the evidence introduced on this hearing. Taken as a whole the testimony created an issue of fact as to whether the continuity of appellant's residence in Dallas County was interrupted by reason of her trips to Vernon and Borger and there living until the 3rd day of February under the conditions and circumstances as reflected by the testimony, deprived her of the necessary residential qualifications to bring her suit in Dallas County. The trial court passed upon the question adversely to her; therefore, we have no right to disturb or set aside its judgment based upon sufficient evidence.

Appellant contends that the trial court erred in dismissing her claim for attorney's fees where her suit for divorce was dismissed because of alleged residential disqualifications. The appellant alleged in

her pleading: "Plaintiff further shows to the court that it has been necessary for plaintiff to employ attorneys to represent her herein and that she has agreed to pay said attorneys, White & Yarborough, a firm of attorneys in Dallas, Dallas County, Texas, a reasonable fee for their services in so representing her; that plaintiff is entitled to recover of and from defendant a reasonable sum herein for her attorney's fees, and plaintiff is entitled to. a lien upon the interest which the defendant owns in the community property described herein for the use and benefit of her attorneys to enforce payment of their attorney's fee," and in her prayer she prayed that "plaintiff do have and recover of and from defendant judgment for a reasonable attorney's fee for her attorneys, White & Yarborough," and she further prayed that a lien be imposed upon the defendant's interest in the community property to enforce payment of said fee.

■ It is no longer an unsettled question in this state that a wife is entitled to recover attorney's fees from her husband in her divorce suit if she has reasonable grounds for instituting the same, when the suit is instituted or defended in good faith on her part. The suit can be maintained in her own name and right or in the name of her attorney. Roberts v. Roberts, Tex. Civ.App., 193 S.W.2d 709; Varn v. Varn, 58 Tex.Civ.App. 595, 125 S.W. 639; McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350; Howard v. La Coste, Tex.Civ. App., 270 S.W. 181; Jacks v. Teague, Tex. Civ.App., 136 S.W.2d 896; Ashworth v. Edwards, Tex.Civ.App., 5 S.W.2d 776.

■ The Ashworth v. Edwards case was a divorce suit brought by the wife on the ground of cruel treatment. She also prayed for an injunction, alimony, division of the community property, and attorney's fees. Defendant answered by general demurrer and general denial. After the court had granted an injunction and alimony, the wife, of her own motion, filed a motion to dismiss the suit at her cost, whereupon her attorney filed a motion for an allowance of an attorney's fee to him for his services in the case. Upon a hearing the court entered judgment dismissing the case and also rendered judgment for the attorney in the sum of $450 against the defendant. Ashworth appealed and the court held that the evidence was insufficient to show that the services rendered in the case were necessary to the protection of any right given the wife. by law, and therefore the husband would not be liable therefor. The court affirmed the judgment of dismissal but reversed and remanded the cause as to the issue of attorney's fee. The basis upon which the law gives the wife the right to recover of and from the husband reasonable attorney's fees incurred in instituting or defending her divorce suit is that she is entitled to protect her rights granted to her under the law and such expenses incurred are classed as necessities, so if and when the wife acts in good faith and with probable cause incurs the same, the husband can be held liable therefor. This is true even though she not be successful in maintaining or defending such suit. Speer's Law of Marital Rights, 3rd Ed., Sec. 638, p. 796, provides: "It is not essential that the wife recover to have her attorney's fee. If the suit be brought in good faith, she may ordinarily recover them, or where she is the defendant she may recover them, such expenses being ordinarily a necessary. Whether they are a necessary depends largely on the good faith—probable grounds of the wife in instituting the suit or making the defense." Bord v. Stubbs, 22 Tex.Civ.App. 242, 54 S.W. 633, and other cases heretofore cited.

■ The evidence and the record in this cause clearly present an issue of fact as to whether appellant brought her suit in good faith and with probable cause, and the court committed error in disposing of appellant's entire cause of action on a hearing of the plea in abatement, when the issue of attorney's fee was not before the court on said hearing, and in so doing the appellant was deprived of her day in court and denied her hearing on her claim for such fees.

We have considered all other assignments of error and they are hereby overruled.

The judgment of the trial court in sustaining the plea in abatement and dismissing appellant's cause for divorce is affirmed, but, that part of the judgment wherein it dismissed and disposed of plaintiff's cause of action for attorney's fees is reversed and remanded, and it is therefore so ordered.