RICHARD JUNGBECKER ET AL. V. ADELHAID HUBER.

No. 1748. Decided November 27, 1907.

1.—Foreclosure—Suit Before Maturity—Bankruptcy.

Foreclosure of a lien on real estate cannot be had before the maturity of the note secured on the ground that, by reason of the bankruptcy of the maker, it was necessary to realize on the security prematurely in order to determine, within the time limited by the bankruptcy law for proving claims, the amount realized on the security and the consequent balance to be proven, as a claim. The determination of these matters could be had, without resort to the State Court, by proceedings under the bankruptcy law, sec. 57h (30 U. S. Stat. L., 560.) (Pp. 149,150.)

2.—Same—Cross Action—Reversal.

On reversing a judgment of forecloure because suit was brought before maturity of the debt, so much of the judgment as denied recovery in a cross action of defendant to cancel the mortgage because the property was their homestead, not being premature, will be allowed to stand. (P. 150.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Huber sued Jungbecker and wife to foreclose a lien on real property and recovered judgment. It was affirmed on defendants' appeal and they obtained writ of error.

*Claude Birkhead, Walter P. Napier* and *Kelso & Lipscomb,* for plaintiffs in error.—The filing of a petition in bankruptcy and an adjudication in bankruptcy does not give to a lien creditor the right to foreclose his lien upon property covered thereby before the time fixed in the mortgage giving the lien. Kirk v. Van Patten, 21 So. Rep., 286; Section 67d Bankruptcy Act of 1898, secs. 57h, 57e, 63a, 67d.

*Frank J. Bosshardt* and *James Routledge,* for defendant in error.— As Richard Jungbecker filed a voluntary petition in bankruptcy and had himself adjudged a bankrupt, by such action and the operation of law the note and deed of trust became ipso facto due and payable. An examination of the law in regard to bankruptcy we think will show this to be the fact. Whenever a man dies an administrator is appointed upon his estate. The legal effect of this is to declare all of his debts due and all creditors are then compelled to come forward and present them within one year, and if they do not do so they will lose their priority and probably their entire debt. The law declares all such debts due because of the necessity of closing up and settling the estate of the deceased person. The administration of a bankrupt estate is very similar to that of a decedent, the law required that all persons shall bring in and present their claims within a period of one year, and if this is not done their debts are cancelled entirely. Federal Bankrupt Law of 1898, ch. 6, sec. 57, par. n, h, see sec. 56, par. b, sec. 63, par. b, sec. 57, par. b, ch. 7, sec. 67, par. d, ch. 3, sec. 6, ch. 5, sec. 47, par. 11; Harlinger v. Mill R. Mfg. Co., 34

Conn., 458; 9 Enc. Pl. & Prac., 222; 16 Enc. Pl. & Prac., 874; Kelly v. Kelly, 63 Ky., 364.

Appellee further represents unto the court that the appellant is estopped from contending that the suit was prematurely brought and that the debt was not due, because this matter is res adjudicata and has already been determined by the bankruptcy court which had jurisdiction of the question. It appeared that the Bankruptcy Court had jurisdiction of Richard Jungbecker and all claims against him and his estate, and that the Bankruptcy Court entered an order stating that the appellee was authorized to bring suit in the State court against John Stricker, as trustee in bankruptcy and R. Jungbecker to foreclose the lien upon the property, and that after the sale of the property and the credit of the proceeds upon the debt the balance would be allowed as a claim against the bankrupt estate, and that said court authorized the bringing of the suit so as to arrive at the value of the security, etc.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Adelhaid L. Huber sued Richard Jungbecker on a promissory note for $1,000 and to enforce a lien on a lot in the city of San Antonio. The note was dated September 23, 1904, and was payable four years after date. Since the lot upon which the lien was sought to be foreclosed was claimed as the homestead of defendant his wife was made a party.

As a reason for bringing suit upon the note before it fell due, it is alleged that Jungbecker had become a bankrupt and that in order for plaintiff to prove up her claim against his estate (which must be done in twelve months under the bankrupt law), it was necessary to determine the value of the security, to the end that it may be deducted from the debt; and that a foreclosure of the lien was indispensable for this purpose. The Court of Civil Appeals took this view of the case and sustained the contention that the suit could under the circumstances be maintained before the note fell due according to its terms. The argument is plausible and would probably be sound if there was no other way by which the value of the security could be legally determined. The provision of the Bankrupt Act, which bears upon this subject, reads as follows:

"h (Securities held by secured creditors). The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance. (30 Stat. L., 560.)"

So that if the security be a mortgage or a pledge with a power of sale and a sale can be effected under the terms of the contract it is a simple method to require the creditor to sell the security, and to credit the proceeds upon the indebtedness. You can not compel an agreement, an arbitration or a compromise, but you may compel a litigation and that without resort to the State courts. Why can not

the court direct that an issue be made up between the creditor and the trustee to be tried before the referee. In re Meredith (144 Fed. Rep., 230), it is said: "If this is not done, the value to the creditors holding the waiver notes of their right against the homestead estate—that is to say, the percentage which they will realize from it on their debts—should be ascertained by the referee in accordance with section 57th of the bankruptcy act. A method should be readily found to reach the proper percent to be deducted, in view of the latitude allowed by subsection h for ascertaining it." Since the court may direct any form of litigation appropriate to ascertain the value of the security, we see no reason why it should not direct the very question to be tried before the referee; but can it direct a proceeding in the State court which can only be made effectual by giving a judgment upon a debt and ordering sale of property to pay it before the debt is due? We think not.

It results that in our opinion so much of the judgment as forecloses the mortgage upon the note should be reversed and the cause dismissed. But in their cross-action the plaintiffs in error allege the invalidity of the mortgage by reason of the property being their homestead at the time of its execution and pray that it be annulled. This is in effect a cross-action to remove a cloud from their title, which depends not at all upon the maturity of the debt. We see no reason therefore why so much of the judgment should not be affirmed.

It is accordingly ordered that so much of the decree as gives judgment upon the note and directs a foreclosure upon the property be reversed and the cause dismissed: and that the judgment in favor of the plaintiff upon the cross-action of the defendants against her be affirmed.

*Reversed and dismissed in part, and affirmed in part.*