ligence the premises were made more dangerous after the license was granted, and in such a way that the new and increased danger here relied on was not open to the observation of appellant, then the jury should have decided the question, and it was error to give a peremptory instruction. We are to be understood as speaking strictly to the present record as we interpret it, and as not prejudging the facts, and the facts here if amplified by either side on another trial will then be considered anew on that state of proof.

The judgment is reversed, and the cause remanded.

---

RIVERS v. RIVERS.

(Court of Civil Appeals of Texas. Dec. 19, 1910.)

1. DIVORCE (§ 147*) — ACTION — WEIGHT OF TESTIMONY—TESTIMONY OF PARTY.

The weighing of the testimony of a party to a divorce action is governed by the same considerations as that of other witnesses, the credibility of such witness being for the jury in view of the interest of the witness and other circumstances tending to weaken or strengthen his testimony.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 147.*]

2. DIVORCE (§ 184*)—FINDINGS—CONCLUSIVENESS—REVIEW.

If the jury determined that the testimony of a party to a divorce action was credible, and based their verdict thereon, the Court of Civil Appeals cannot disturb their verdict, especially where it was approved by the trial court.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 570–573; Dec. Dig. § 184.*]

3. APPEAL AND ERROR (§ 742*)—STATEMENTS—NECESSITY.

A proposition under an assignment of error which was not followed by a statement as required by the court rules need not be considered by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE—CUMULATIVE EVIDENCE.

Any error in excluding testimony offered by defendant which was substantially the same as that given by plaintiff could not have prejudiced defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4206; Dec. Dig. § 1058.*]

5. APPEAL AND ERROR (§ 699*)—RECORD—INSTRUCTIONS—NECESSITY.

An assignment of error to the giving of instructions will not be considered on appeal where the instructions or the part thereof claimed to be objectionable are not set out in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2940; Dec. Dig. § 699.*]

6. DIVORCE (§ 27*) — GROUNDS — CRUELTY — CHARGES OF UNCHASTITY.

A charge by a husband of adultery or unchastity against the wife may be such cruelty as to authorize a divorce, though the charges do

not have the effect of seriously impairing the physical health of the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 69; Dec. Dig. § 27.*]

7. DIVORCE (§ 306*) — FEES — EXPENSES OF CHILDREN.

Plaintiff took with her when leaving defendant's bed and board some of the minor children, leaving some of them with defendant, and supported the children she took for several years from her own earnings. Neither party had any separate estate, and the community estate was sold and was equally divided between them. While the parties lived apart defendant resided in the house belonging to the community and had use of the land upon which it was located. Defendant is an old man and not in robust health. *Held*, that it would be unjust to charge defendant upon granting a divorce to plaintiff with the amount expended by her in supporting the minor children, taken with her.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 306.*]

8. DIVORCE (§ 225*) — COSTS — ATTORNEY'S FEES.

Nor would it be just under such circumstances to allow the wife a reasonable attorney's fee expended in a divorce action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 647–650; Dec. Dig. § 225.*]

Appeal from District Court, Chambers County; L. B. Hightower, Sr., Judge.

Action by Mollie Rivers against George Rivers. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

A. L. Beason, Herbert Davenport, and Marsene Johnson, for appellant. J. R. Davis and H. E. Marshall, for appellee.

REESE, J. This is a suit for divorce and division of community property by Mollie Rivers against George Rivers. On trial there was a verdict for plaintiff, whereupon the court rendered judgment for divorce and partition of the community property, appointing commissioners, etc. The court also by its decree awarded plaintiff $191, paid out by her for the support of the minor children of herself and defendant, to be paid out of defendant's half of the community, and also gave her judgment against defendant for $100 attorney's fees. From the judgment the defendant appeals.

The first error assigned is that the judgment is against the great weight of the credible evidence in that it is supported by the sole testimony of plaintiff, which is inconsistent, uncorroborated, and contradictory in itself, besides being directly contradicted by the undisputed facts and by the testimony of other witnesses.

We have examined the entire testimony, as presented by the statement of facts, very carefully. When by the statute parties in a divorce suit were permitted to testify, no special rule was given for the consideration of their testimony, its weight or effect, other than that which applies to witnesses generally. The credibility of the witness must be left, as in case of other witnesses, to the determination of the jury, giving such consideration as they might consider proper to the bias or prejudice of the witness, and other circumstances disclosed by the evidence tending to discredit the witness or weaken the effect of the testimony. All of these matters were before the jury in this case. Much is to be gained by a jury of men of common sense from an observation of the witnesses in the trial, their manner of testifying, etc., with regard to which this court has no means of forming a judgment. If, in the present case, the jury determined that the testimony of appellee was credible, and based their verdict upon it, this court cannot properly interfere, especially as the verdict comes to us with the approval of the trial court. This doctrine has been so often announced that it is unnecessary to cite authorities in support of it.

What we have said disposes also of the second assignment of error. The question referred to was passed upon by the jury and is settled by their verdict. We may remark that the proposition under this assignment is not followed by any statement whatever, as required by the rules, and we are not required to consider it.

We are inclined to think that it was error to refuse to permit appellant to prove by the witness Andrew Johnson the facts referred to in the third assignment of error, but this testimony added nothing to the testimony of appellee herself upon the same point, and the error could not have prejudiced appellant. The bill of exceptions is so emasculated by the court's explanation that there is little even of abstract error left in it.

The fourth assignment of error and the several propositions thereunder present elaborate objections to the entire charge of the court. In the meager statements under the propositions there is no reference to the charge, and no indication as to what it contained, and we are unable to determine from appellant's brief whether the charge is, in fact, subject to any of the objections stated. The assignment is to the effect that the court erred in each and every paragraph of the charge, in that it is on the weight of the evidence, and calculated to mislead the jury and to prejudice the interest of defendant, in that the court submits to the jury the truth of all the material allegations of plaintiff's petition, without defining which were material. In order to determine whether the entire charge or any part of it is objectionable in the particulars stated, appellant should have set out, if not the entire charge, at least such portions thereof as would show the justness of the objection stated. The assignment will not be considered.

We must decline to consider the fifth assignment of error for the same reason.

The court did not err in refusing the special instruction requested by appellant refer-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

red to in the sixth assignment. This assignment differs from the fourth and fifth assignments in that it embodies substantially the matter set out in the requested charge. We cannot agree with the proposition embraced in the charge that a charge of adultery or unchastity made by the husband with regard to the wife cannot constitute such cruelty as to render their living together insupportable, unless it is shown that such charges are sufficient to seriously impair the health of the wife. There are expressions in some of the decisions that they should be such as to threaten to impair her health, but even this has not been expressly decided, and we doubt its correctness, assuming that by health is meant the physical health of the wife. The assignment is overruled.

What we have said sufficiently disposes of the seventh assignment of error.

The ninth assignment of error is without merit.

The eighth assignment complains of the action of the court in allowing appellee $191 to reimburse her for money expended by her in support of the minor children and $100 attorney's fees, both to be paid by appellant out of his share of the community property.

The evidence shows that when appellee left the bed and board of appellant she voluntarily took with her certain of the minor children, leaving some of them with appellant, and that by her own exertions for several years she supported, in whole or in part, these children and expended therefor money earned by her. It also shows that neither party has any separate estate, and that during all of the time of the separation appellant lived in a house belonging to the community, and also had the use and possession of the land upon which it was located. The community estate was equally divided. Appellee voluntarily undertook the support of these children and supported them in part by her earnings which were community property. Under these circumstances we do not think it equitable or just to charge appellant, who is an old man, not in robust health, and with no property except his half of a small community estate, with the money thus expended by the wife.

Without in any way denying the right of the trial court in a proper case to allow a wife reasonable attorney's fees in a divorce proceeding, we think such allowance not justified by the facts of this case. As we have said, the husband has no property except his share of the community, of which the wife is awarded an equal portion. We see no reason under the facts of this case, as to the circumstances of the parties, why she should not pay her own attorney's fees. The judgment will be reformed so as to eliminate these charges against the husband, and as thus reformed it is affirmed.

Reformed and affirmed.