HILL et al. v. NOLAN et al.

(Court of Civil Appeals of Texas. Texarkana. April 18, 1912.)

APPEAL AND ERROR (§ 78*)—JUDGMENTS APPEALABLE—FINAL JUDGMENTS—WHAT CONSTITUTE.

A ruling sustaining a demurrer or exceptions decides nothing but the sufficiency of the pleadings, and such ruling is not a final judgment and is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Tom Hill and others against Patsey Nolan and others. From an order sustaining defendants' demurrer, plaintiffs appeal. Appeal dismissed.

S. P. Jones, of Marshall, for appellants. Beard & Davidson and Young & Abney, all of Marshall, for appellees.

LEVY, J. According to the record here, the court sustained the defendants' demurrer to the plaintiffs' petition and certain exceptions to the intervener's petition, and to this ruling the plaintiffs and the intervener each excepted and gave notice of appeal. The plaintiffs alone perfected the appeal. As the entry relied on as a judgment merely declares the ruling of the court upon the demurrer and the exceptions respectively, and does not undertake to dispose of the parties or dismiss the cause, there is presented the question of the sufficiency of the order as entered to constitute it a final judgment from which an appeal may be prosecuted. A ruling sustaining a demurrer or exceptions decides nothing but the sufficiency of the pleadings. The parties, after such ruling, have the right remaining to them to elect to amend and prevent the immediate further order of nonsuit or dismissal. Thus a ruling on the sufficiency of the pleading merely leaves the case in suspense, depending upon such other order as the court might make. So, if the court makes no other order than merely to sustain a demurrer or exceptions, as is the situation here, it is plain that such order would operate merely to record the ruling of the court on the sufficiency of the pleading and be simply an interlocutory order, because it does not make a final disposition of the cause. In the case of Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39, it appears that exceptions to the petition were sustained and the plaintiff excepted to the ruling. Subsequently, by proper proceeding, the ruling was entered in the minutes as a nunc pro

tunc order, and which order recited, as in the first instance, that the plaintiff excepted to the ruling. No further order of dismissal of the cause was entered in the minutes. On appeal it was held that the action of the court on the exceptions or demurrer and the notice of appeal therefrom amounted to a final judgment disposing of the case. The Supreme Court, though, held differently, saying that it was not sufficient to constitute a final judgment that the court make a ruling which should logically lead to a final disposition of the cause; but it was essential to the finality of the action of the court to have expressly disposed of the cause by dismissal. The ruling there determines the question here. There being no final judgment in the cause, the power of this court to entertain the appeal is wanting, and therefore the appeal will be dismissed.