ROBERTS v. ROBERTS.

No. 13628.

Court of Civil Appeals of Texas. Dallas.

July 5, 1945.

Dissenting Opinion July 6, 1945.

Rehearing Denied April 5, 1946.

For opinion of Supreme Court in answer to certified question, see 192 S.W.2d 774.

W. H. Reid, of Dallas, for appellant.

Irwin & Irwin, of Dallas, for appellee.

YOUNG, Justice.

Appellant's suit for divorce and division of property was contested by defendant Minnie Roberts, setting up certain defenses, alleging that she had been compelled to hire an attorney, praying that divorce be denied, and for allowance of a reasonable fee to her attorneys as costs of court. Upon trial, the jury answered "No" to issue 1, reading: "Do you find from a preponderance of the evidence that Plaintiff, R. E. Roberts, has been an actual bona fide inhabitant of the State of Texas for one year next preceding March 3rd, 1944?"; and fixed $900 as a reasonable fee to attorneys for appellee. Said jury verdict resulted in a later dismissal of plaintiff's suit without prejudice; and, in subsequent recitals of the same judgment, the court awarded $900 and interest to defendant, presumably for the use and benefit of her said attorneys.

The appeal is before us without a statement of facts and seeks only a review of the above judgment liability for attorney's fees, grounds of reversal being, in effect: (1) That where a petitioner for divorce is found lacking in the one-year inhabitancy requirement, upon entry of judgment dismissing the bill for divorce without prejudice, all ancillary matters were likewise dismissed and passed out of the case, and the court was without power or authority to enter any further order against him for attorneys' fees; (2) allowance of the recited fee is not such a judgment as could be rendered under defendant's pleading, she praying only "that judgment be entered in behalf of the attorneys signing this answer for their fees and expenses"; there being no pleading or prayer for re-

covery of such fees by her or in her behalf; (3) the court's error in rendering judgment against plaintiff in any amount, for the reason that the $900, if adjudicated against any one, should have been assessed against Mrs. Roberts to be paid out of the money found by the jury to be in her possession or under her control.

Defendant pled in paragraph 5 of the original answer "that by reason of the unlawful and wrongful conduct on the part of the plaintiff in the institution of this suit for divorce, it has been necessary for defendant to employ attorneys to represent her in this action and to protect her legal interest, and that she has employed the attorneys signing this answer and that they have accepted such employment and on numerous occasions have advised this defendant regarding this action and the protection of her legal rights. That by reason thereof, the plaintiff became liable to this defendant and to the attorneys signing this petition for reasonable attorneys fees and expenses, which the defendant alleges to be the sum of $2500.00, and that same should be charged as a part of the cost in this case"; and final prayer was: "for such other relief to which she may be justly entitled." No exceptions were urged to any defensive pleading, or objection made to form of issues submitted in the court's charge. Preliminary recitals of the judgment are that Mrs. Roberts "defended the divorce action of her husband, R. E. Roberts, plaintiff in this cause, in good faith based upon justifiable grounds, and that attorney's fees in the sum of Nine Hundred ($900.00) Dollars, as found by the jury in answer to special issue No. 9, are reasonable and were for necessaries for which the plaintiff husband is liable."

 The rule is well settled that where the wife brings or defends a suit for divorce in good faith and on probable cause, her reasonable attorneys' fees are properly chargeable against the husband as a necessary expense incurred in protection of a right given her by law; Speer, Marital Rights, 3d Ed., sec. 638, p. 796; Howard v. LaCoste, Tex.Civ.App., 270 S. W. 181; recoverable either in the main action by the wife or independently by her attorneys upon appropriate allegations and proof. Jacks v. Teague, Tex.Civ.App., 136 S.W.2d 896. Unquestionably, defendant's claim has support in sufficient allegations; and evidence of a valid defense is conclu-

sively shown by the court's independent findings, to say nothing of the jury verdict establishing immaturity of plaintiff's bill.

 In the same connection, we disagree with appellant's argument that a dismissal of his suit because of residential disqualification has precluded rendition in favor of the wife for attorneys' fees in the one judgment of dismissal. The court had jurisdiction of the parties. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A. L. R. 1198. A discontinuance of the main suit, though involuntary, did not affect defendant's prayer for affirmative relief in nature of a counterclaim, as to which she had a right of adjudication in the same final judgment; Rule 96, Tex.Rules of Civil Procedure; Jungbecker v. Huber, 101 Tex. 148, 105 S.W. 487; Minnock v. Garrison, Tex.Civ.App., 144 S.W.2d 328. The situation here is not distinguishable in principle from Varn v. Varn, 58 Tex.Civ.App. 595, 125 S.W. 639, 641, where, after a voluntary dismissal, the court held: "The pleadings of appellee were sufficient to form a basis for the judgment for attorney's fees, and it has been held in this state that the husband is liable for attorney's fees incurred by the wife in prosecuting a suit for divorce, whether prayed for by the wife in the suit for divorce, or sued for by the attorney of the wife in a separate action. McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350; Ceccato v. Deutschman, 19 Tex. Civ.App. 434, 47 S.W. 739. The propriety of those decisions is not questioned by appellants, but the real ground of their complaint is that they were not permitted by the court to defeat the claim of appellee for attorney's fees incurred in defense of herself in a suit instituted against her by her husband by dismissing the suit, after she had incurred the expense of employing counsel. Appellants proceed throughout their brief on the theory that the suit of W. W. Varn was dismissed, and that some time afterward. appellee was awarded a judgment for $500 for attorney's fees. The decree of the court indicates that the judgment for attorney's fees and of dismissal were rendered at one and the same time. It was all done in the same proceeding. Appellee had been brought into court by a petition for divorce filed by her husband; she had answered, setting up a claim against him for attorney's fees, which she alleged were necessary in the employment of an attorney to represent her before the court.

The court heard testimony on the subject, and rendered judgment for the attorney's fees. There was no error in his action."

Appellant's main authority, Pappas v. Pappas, Tex.Civ.App., 146 S.W.2d 1115, is not considered at all in point. There the court attempted to continue in force petitioner's order for alimony *after* her lack of statutory residence had been determined upon a plea in abatement and the case dismissed. Of course, under the statute, any order for alimony must be ancillary to a *pending* suit, Art. 4637, Vernon's Ann.Civ. St.

■ We overrule the further point that defensive pleadings form an insufficient basis for the attorneys' fees sought. Her allegations above quoted, inclusive of the prayer for such other relief as she may be entitled to, well support the $900 award.

■ The community property of the parties, according to plaintiff's petition, consisted of real and personal property of a value aggregating between $25,000 and $30,000. Concerning these assets, the jury found that plaintiff had $350 and defendant $3,500 in their respective possessions on date of trial. No issue was submitted as to community debts, net value of same, or as to what property other than money was in possession of plaintiff husband. Appellant finally argues that as a matter of law appellee's attorneys' fees should either be paid by her personally or else out of the community funds found to be in her hands. A recovery of the particular fees from the husband is not authorized by any divorce statute, the wife's right thereto being largely within the discretion of the trial court. They are deemed "necessaries", for which he is held liable. 15 Tex. Jur., Secs. 154, 155, pp. 650-654. Of the cases cited by appellant where a fee eo nomine was denied, the facts were exceptional, and the general rule of liability was expressly recognized. See Rivers v. Rivers, Tex.Civ.App., 133 S.W. 524; Wilson v. Wilson, Tex.Civ.App., 231 S.W. 830. Here we have no statement of facts, but instead a jury finding whereby plaintiff's cause of action is characterized as premature. In such state of the record, the trial court was well within its discretion in assessing the resulting expense to defendant by way of attorneys' fees wholly against the husband. 15 T.J. 650; Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698; Becker v. Becker, Tex.Civ.App., 299 S.W. 528;

Brown v. Brown, Tex.Civ.App., 152 S.W. 2d 790.

The judgment under review is in all respects affirmed.

BOND, Chief Justice (dissenting).

There is no difficulty in assenting to the propositions that a wife may sue her husband for the protection of her property, or her individual rights; that "necessaries" incurred and paid by her are the husband's liabilities, adjustable in settlement of their estate; that the wife may contract with another for "necessaries" and pledge to such other party in reference thereto the credit of her husband; and that courts may impound the community or the husband's separate property for payment thereof according to the actual necessities of the case. But such necessities—attorney's fees or whatever they may be—incurred and unpaid by the wife, must be recovered by the party rendering the service, or furnishing the "necessities", in an independent action. Attorney's fees in a divorce suit, as other "necessities", are not recoverable by the wife where the divorce is denied, and same cannot be allowed to the attorneys rendering the service, or the party furnishing the necessities, recoverable as costs of the suit.

The services of an attorney to represent the wife in a suit for divorce may be a "necessity", regardless of whether divorce is granted or refused, for which the husband may be liable; but where the attorney's fees are contractual and necessary for the preservation of the wife's rights, such cannot be recovered by the wife, and, if recoverable at all, must be recovered by the attorneys rendering the service.

In Hill v. Hill, Tex.Civ.App., 125 S.W. 91, 93, the husband sued for divorce; the wife contested the suit and, ancillary thereto, sought allowance for attorney's fees necessarily incurred by her in defending the divorce suit and the protection of the community property of their marriage. The divorce was denied, adjudging the costs, including an allowance to the wife of $150 as attorney's fees, against her husband, declaring same to be a lien on the personal property belonging to the community estate. The husband appealed. The Texarkana Court of Civil Appeals, Judge Willson writing the opinion, said: "Having refused to grant a divorce to the parties, it was error for the court to ren-

der a judgment in favor of the wife against the husband for attorney's fees, and it was error at appellee's insistence to adjudge such attorney's fees and costs to be a charge against the personal property referred to, and to direct its sale in satisfaction of such fees and costs of the suit. If the indebtedness incurred by the wife was an indebtedness she was authorized to incur, it became a charge against her husband, and not against her, and would be recoverable in a suit against the husband *by the parties in whose favor it was incurred. It could not be recovered by her for them.*" (Italics supplied.)

On motion for rehearing, in discussing the relative differences in the facts and conclusions in that case and in McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350, and Woeltz v. Woeltz, Tex.Civ.App., 57 S. W. 905, the court said: "In McClelland v. McClelland a divorce as prayed for by the wife was *granted* and she was held to be entitled to recover as against her *former husband* reasonable fees of attorneys representing her in the suit. A similar ruling on similar facts was made in Woeltz v. Woeltz. In the case before us the divorce sought by the parties was *not granted,* but, on the contrary, *was refused.* Because, and only because, a divorce as prayed for by them was refused, and they continued to be husband and wife, as they were before the suit' was commenced, we held the recovery for attorney's fees in favor of the wife against her husband to be erroneous. * * * They were recoverable, if at all, because it was necessary for the wife to incur them in the preservation of rights given her by the law (Citing authorities). The right to sue for and recover them, if they were recoverable as 'necessaries,' did not arise in favor of the wife, but in favor of the attorneys who rendered the services—just as it would have arisen in their favor and not in her favor, if, instead of rendering her service as attorneys, they had furnished to her food, or clothing, or medicines. It will hardly be contended that, had a dealer furnished to her such necessaries as food, clothing, or medicine, she could maintain a suit therefor against her husband. The cause of action against the husband in such a case would be in favor of the dealer alone, just as it is in this case in favor of the attorneys alone."

It may well be conceded that the overwhelming weight of authorities in Texas

is to the effect that in cases where divorce *is granted,* hence the marital status between the spouses no longer exists, the wife is entitled to recover in her own name attorney's fees against her former husband on the ground that they were "necessaries"; and courts may in such cases make the allowance to the divorced wife either in the divorce suit or in an independent action. McClelland v. McClelland, Tex.Civ. App., 37 S.W. 350; Bord v. Stubbs, 22 Tex. Civ.App. 242, 54 S.W. 633, 634; Woeltz v. Woeltz, Tex.Civ.App., 57 S.W. 905; Hill v. Hill, supra; McLean v. Randell, Tex. Civ.App., 135 S.W. 1116; Yeager v. Bradley, Tex.Civ.App., 226 S.W. 1079; Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698; Howard v. LaCoste, Tex.Civ.App., 270 S. W. 181; Becker v. Becker, Tex.Civ.App., 299 S.W. 528; Ashworth v. Edwards, Tex. Civ.App., 5 S.W.2d 776. But where the divorce is denied, or the divorce suit dismissed,—it matters not for what cause— neither the wife nor her attorney can recover attorney's fees in the divorce action. Indeed, the attorney rendering the service under contract with the wife may maintain an independent action against the husband or wife for the reasonable value of his services.

In the case of Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, the wife entered suit for divorce and for partition of property, alimony and attorney's fees, alleging as to the latter "that she has contracted and agreed to pay her attorney who brings this suit the sum of $750.00, which she alleges to be reasonable and necessary for bringing and prosecuting this suit in her behalf." In the prayer of the petition, she prays that "her attorney have judgment against the defendant for the sum of $750.00 for bringing and prosecuting this suit in her behalf." The petition was signed by her attorney, otherwise his name does not appear in the body of the petition, or in the prayer. He was not a party to the suit, and manifestly could not be; the divorce suit was personal to the parties. Before the case was called for trial, there was a reconciliation between the husband and wife, and the suit for divorce was dismissed. The trial court, without objection or exception, heard testimony on the issue of attorney's fees incurred by the wife as a necessity, and thereafter entered judgment against the husband in favor of the attorney for the fees due him. This court, in majority opinion, held that, under the

facts and circumstances in that case, the attorney was due the fee, affirmed the judgment of the court below, and, on motion for rehearing, certified the involved question to the Supreme Court. The Supreme Court (97 S.W.2d 949), in effect, held, in answer to the certified questions, that the attorney's fees were not allowable after the divorce suit was dismissed, and that the attorney in the divorce suit could not recover the fee in his own name after the suit had been abandoned, quoting with approval the opinion in Kelly v. Gross, Tex. Civ.App., 293 S.W. 325, 326, reaffirmed in Kelly v. Gross, Tex.Civ.App., 4 S.W.2d 296, writ refused: "No other party has any right, nor can he acquire the right, to inject himself, or his claim upon either of the parties, into the divorce action, which is purely personal to those parties. It naturally follows that, when those parties compose their differences, effect a reconciliation, and move for a dismissal of the action, the court before whom it is pending has no other alternative than to grant the motion and dismiss, without the least regard to any pecuniary interest third parties may have acquired as contingent upon the granting of a divorce. This is true as a matter of public policy, which cannot contemplate any rule which would permit outsiders to speculate upon the contingency of a disrupted marital union. We hold that, in the face of the reconciliation between the parties and their prayer for dismissal, the trial court had no power, in this divorce suit, to enforce appellants' contract with Mrs. Gross for a contingent interest in the property which might have been recovered by her in the event of a divorce."

In the Gross case, among other things pertinent here, the court said [4 S.W.2d 298]: "After holding that if for any reason a decree of divorce was not rendered the court was without power to disturb the existing status of the community property as between husband and wife * * *."

In the case at bar the majority hinge their conclusion that the wife was entitled to the award of $900 attorneys' fees with interest against the husband, "presumably for the use and benefit of her said attorneys", on the strength of the opinion in Varn v. Varn, 58 Tex.Civ.App. 595, 125 S. W. 639, where the divorce suit was dismissed and in the judgment attorneys' fees awarded to the wife against her husband. That case was decided in 1910, more than 35 years ago; and, in a careful review of all the authorities in Texas since that time, none has followed the conclusion as therein pronounced—that the wife could maintain a suit against her undivorced husband. Many authorities hold to the effect that suits for attorney's fees may be maintained by the wife only after the marital status has been abrogated by divorce, and not before. Indeed, the attorneys who have rendered services in protection of the wife's rights, are creditors of the husband, on the ground that such services were "necessaries"; hence the wife had the right to pledge her credit and that of her husband to the attorneys for payment of their fees. In such cases the husband and attorneys assume the relation of debtor and creditors; but such relation can seldom, if ever, be created between the wife and her husband as to permit suit by either against the other.

"The marital relation is one in which society and the state are vitally interested. The public policy relating thereto is to foster and protect it, prevent separation and divorce, and encourage the parties to live together. Public policy strongly favors reconciliation of the parties, abandonment of divorce proceedings, and resumption of the marriage relation. 9 R.C.L. title 'Divorce and Separation,' §§ 11 and 19. Contracts between parties to a divorce proceeding and his or her attorney have frequently been held to be promotive of divorce and declared to be illegal. Contracts whereby the attorney's fee is made dependent on the granting of the divorce, or measured by or payable out of the alimony recovered, have been so condemned. 9 R.C. L. title 'Divorce and Separation,' §§ 13 and 17." Kelly v. Gross, supra.

The marital relation of husband and wife continues till it has been lawfully dissolved by death or divorce, and any monetary judgment recovered by either, husband or wife, other than that exempt to them as their separate estates, is, by Texas jurisprudence, a community judgment; any execution issued under such a judgment, and levy made on community property, is but a levy, in part, upon the judgment plaintiff's own property. In other words, if the wife securing a judgment against her husband, as here, causes execution to issue and levy to be made on their community property, such action tantamounts to her securing, in part, a judgment against herself and levying upon her own community property, which evidently she cannot do. Such a suit would be against public

policy of this State, conducive to prevent the husband and wife from resumption of their marriage relation.

Furthermore, the wife cannot maintain a suit against her husband and enforce a judgment against their community estate; and she cannot maintain a suit "for the use and benefit" of any creditor who, forsooth, had performed service or furnished "necessaries" to her and her family. Such unpaid obligations are due to the creditors, and not to the wife; hence she has no legal right, either in a divorce suit or a separate action, to maintain a suit in her name for their benefit. The proposition is elemental,—no party can bring a suit unless the involved transaction begets the relation of debtor and creditor. The right to contract by the wife is limited; thus she cannot contract to bring a suit against her husband for attorneys representing her in court, and she cannot maintain such suit for her own benefit. The attorneys must stand, as in any other case, upon their own footing, maintain their suit free from the cantankerous disclosures so often displayed in divorce actions, which in many cases are calculated to impose an excess judgment on the husband as a punishment for his acts and conduct, instead of fair remuneration for actual services rendered.

The judgment of the court below is based upon the verdict of the jury that $900 was a reasonable fee for defendant's attorneys for their services, and upon motion of the defendant for the court to render and enter in said cause a judgment therefor in her favor. The judgment recites: "That the defendant, Mrs. Minnie Roberts, is entitled to a judgment against the plaintiff, R. E. Roberts, for the sum of Nine Hundred ($900.00) Dollars, together with interest from date of judgment; and that the action of plaintiff, R. E. Roberts, for a divorce and partition of community property should be in all things dismissed. It is therefore ordered, adjudged and decreed by the court that the suit of the plaintiff, R. E. Roberts, for divorce and partition of community property be and the same is hereby in all things dismissed, without prejudice. It is further ordered by the court that the defendant, Mrs. Minnie Roberts, do have and recover of and from the plaintiff, R. E. Roberts, the sum of Nine Hundred ($900.00) Dollars, together with interest from date at the rate of six per-

cent per annum, for which let execution issue."

Evidently the judgment recitals were in favor of the wife against the husband, with execution to issue, and levy to be made on their community unpartitioned property.

The jury found that the wife had in her possession and under her control $3,500 of community property, and that the husband had $350; hence, if her attorneys' fees were "necessaries" as to create a liability against her husband, collectible out of community property, she was in position to liquidate the debt; thus the judgment in her favor becomes as "Sounding brass and a tinkling cymbal." Such judgment, if paid to the wife, would be of no avail to the attorneys rendering the services, unless, in turn, the wife paid the attorneys their fees. Clearly such judgment would not be res adjudicata to a subsequent action by the attorneys against the husband for "necessaries" rendered the wife.

.I reluctantly dissent; however, my concept is that courts should have no guide but the law, and no thought but duty; the judgment of the court below as to attorneys' fees allowed the wife against her undivorced husband should be reversed and here rendered denying such allowance; and that, too, without prejudice to the rights of the attorneys to maintain an independent action against the husband and wife, or either of them, for services honorably rendered in the suit.

On Rehearing.

YOUNG, Justice.

Rehearing hereof has been held in abeyance pending certificate to the Supreme Court, Rule 461 et seq. The questions submitted have been answered in all respects consistent with above opinion of affirmance (192 S.W. 2d 774); and in consequence said motion must be overruled.

BOND, Chief Justice (dissenting on rehearing).

With all due respect to our Supreme Court, bowing in submission to the higher authority, I respectfully register a different conclusion in this appeal. The Supreme Court's decision (192 S.W.2d 774),· is now the law in this case only because the Supreme Court said it was the law. I still adhere to my views hereinbefore stated;

and further register discord on the doctrine of res judicata as an element in determining this appeal.

There can be no doubt that a judgment may be binding under the doctrine of res judicata against one who is a party to the action, or who was present in court when the judgment was entered, or who had knowledge of the judgment. The premise for that doctrine is not present in this case. If the trial court had jurisdiction of the divorce case, had entered judgment for the divorce, and, at the same time, decreed attorney's fees to the wife, or denied attorney's fees to the wife, then, certainly, a judgment would be res judicata to any similar suit brought by her or her attorney for attorney's fees. But where divorce is refused or dismissed because of lack of statutory authority to render judgment, *regardless of the cause,* leaving the parties to the action still man and wife, the trial court was without jurisdiction to render judgment for the wife against her husband.

The right to render the judgment is the question submitted for proper adjudication in this suit. Certainly a dismissal of a divorce suit and a denial of attorney's fees because of the dismissal, does not litigate the fee, and would not be res judicata to a subsequent suit by either the wife or her attorney. The divorce was the jurisdictional issue; the attorney's fee an incidental contingent action. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313.

In Burguieres v. Farrell, 126 Tex. 209, 87 S.W.2d 463, a divorce was granted to the wife, with settlement of property rights (1931), and four days after the divorce was granted, the wife married Burguieres. In 1933 (two years thereafter), Mrs. Burguieres, joined by her husband, filed suit in equity in form of plea of review to set aside the judgment only as to settlement of property rights between herself and her former husband. By the proceedings, Mrs. Burguieres did not seek to set aside the former judgment for divorce. In the district Court judgment resulted denying Mrs. Burguieres any relief. On appeal, the judgment of the district court was affirmed by the Fort Worth Court of Civil Appeals. Mrs. Burguieres applied to the Supreme Court for writ of error; the application was dismissed, the Supreme Court holding that it was without jurisdiction to grant the writ, as the rights of the parties were involved in the divorce suit. The divorce suit was the primary action on which the claim for property rights was based.

In Celli v. Sanderson, Tex.Civ.App., 207 S.W. 179, property rights were involved in a divorce action. The appeal, as here, was only as to the property rights. The Galveston Court of Civil Appeals, in a divided opinion, affirmed the lower court. Application was made to the Supreme Court for writ of error; the writ was refused, with notation on the court's docket: "Dismissed for want of jurisdiction on authority of Kellett v. Kellett, 94 Tex. 206, 59 S. W. 809." In the Kellett case the suit was for divorce and for the determination of rights of property of the respective parties. In that case the Supreme Court dismissed the application for writ of error, saying [94 Tex. 206, 59 S.W. 810], "The words (in the statute) 'all cases of * * * divorce' are as comprehensive as language can be made, and if this be a divorce case our jurisdiction is excluded. That it is such we think there can be no doubt. Though it involves rights of property, it is none the less a divorce case. The action is for the dissolution of the bonds of matrimony existing between the parties. *Incidental thereto is the determination of the rights of property held in the name of either or both of them."* (Italics mine.)

So, in the case at bar there is no question but that the divorce was the sole primary cause of action between the spouses, and that the claim of the wife for attorney's fees was incidental. Without the divorce suit, undoubtedly the incidental claim for attorney's fees could not be litigated. Therefore, with the decree of dismissal of the divorce suit, the claim for attorney's fee could not be allowed as an independent action. The attorney's fee was contingent solely on the granting of the divorce.

In Peck v. Berry, Tex.Sup., 184 S.W.2d 272, 274, 156 A.L.R. 949, a judgment of dismissal was entered for failure to comply with the statutory rule for costs, and a similar suit was subsequently filed. The Supreme Court said: "We are of the opinion the doctrine of res adjudicata has no application in this case. A judgment of dismissal for failure to comply with the rule for costs is not ground for the plea of res adjudicata to a similar suit thereafter filed, *since the dismissal on this ground does not adjudicate the rights of the parties.* Qualls v. Fowler, Tex.Civ.App., 186 S.W. 256, writ refused. Neither is the doc-

trine applicable ordinarily by reason of the mere sustaining of general or special exceptions to the petition. Kuehn v. Keuhn, Tex.Com.App., 242 S.W. 719; Schreff v. Missouri Pac. R. Co., 81 Tex. 471, 17 S. W. 39, 26 Am.St.Rep. 828. A ruling sustaining a demurrer or exception is merely an interlocutory order and decides nothing but the sufficiency of the pleadings. Hill v. Nolan, Tex.Civ.App., 147 S.W. 365." (Italics mine.)

So, here, the trial court had no authority to grant the divorce because of plaintiff's lack of time as a resident of the State and County. When the suit was dismissed, the wife and husband remained a marital union, at liberty to become reconciled and thereafter live together. It is the undoubted policy of our laws to encourage reconciliation and discourage divorce, and to abhor separation of marital spouses (for any cause), particularly that which is calculated to prevent reconciliation. Though the husband is separated from, and not living with his wife, nevertheless he is her husband; and during coverture he is sole custodian and manager of community property and community rights. Only where the husband has abandoned the wife, or is prevented from exercising his dominant marital rights, is the wife recognized as the head of the family, and able to maintain a suit in her own behalf.

In this case the wife contested the right of her husband to divorce, and was successful in the trial; thus content to remain the subservient member of the union. Then, how could it be said that public policy of this State would be, under such circumstances, any less than if they had in fact effected a reconciliation. Clearly, the monetary judgment in favor of the wife for attorney's fees against her undivorced husband would be calculated to prevent or delay reconciliation, and "promotive of divorce." If public policy would be a bar to the wife's suit for attorney's fees because of reconciliation, it would be equally a bar where the divorce suit was dismissed at the instance of the wife. Public policy is as much a potent factor in the action of the trial court in dismissing the divorce suit for cause, thus allowing reconciliation of the parties, as if the record showed that they had perfected the reconciliation. The Supreme Court, in answer to the certified question, related [192 S.W.2d 777]: "We have no reconciliation, no resumption of marital relations. * * * What they did certainly was not 'promotive of divorce.'" If that be true (the record is silent), then certainly what they did was "promotive" of reconciliation, which could reasonably be expected. Courts should not "promote divorces" by placing a barrier to reconciliation.

I adhere to my former conclusion; the opinion of Justice Brewster, for the Supreme Court, to the contrary notwithstanding.